IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-94-085-02**
:
:
**v.** :
:
:
**ROBERT L. COLEMAN, JR.** :

# M E M O R A N D U M

## I.  Introduction

Before the court is an application for a Writ of *Audita Querela*.
Petitioner alleges that the writ of *Audita Querela* is available for a collateral attack,
when habeas corpus relief is inadequate or ineffective to test the continued validity of
conviction or sentence.  Petitioner claims that his sentence was illegal because the
sentence imposed was enhanced by factual and statutory findings above the
applicable range of facts found by a jury or admitted by Defendant.  Petitioner also
argues that at the time of the imposition of sentence, the court erred by mandatorily
acting under 18 U.S.C. § 3553(b)(1).  He argues that since *United States v. Booker*,
___ U.S. ___, 125 S. Ct. 738 (2005), was not retroactively applied,[1] and that the
*Booker* issue is not cognizable under 28 U.S.C. § 2255[2] and 2241, he is without relief.

---

[1] *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005).

[2] *In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005).

## II.  Background

Petitioner was sentenced by this court on December 22, 2004, which conviction and sentence was affirmed by the Third Circuit Court of Appeals on October 10, 1995.  A petition for writ of certiorari was denied on November 13, 1995.

On June 27, 2001, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 which was dismissed by order dated August 21, 2001.  The appeal from that order was dismissed on October 7, 2002.  On October 22, 2002, the Third Circuit Court of Appeals denied Petitioner's motion to file a second or successive petition. In spite of that order, on February 22, 2005, Petitioner filed another motion pursuant to 28 U.S.C. § 2255, which this court dismissed by order of February 25, 2005.  On September 21, 2005, Petitioner filed the instant motion.

## III.  Discussion

*Black's Law Dictionary*, 7th Ed., 1999, instructs that the writ is "a remedy available to a defendant where an important matter concerning his case has arisen since the judgment."  The write of *audita querela*, in civil actions, was abolished by Federal Rule of Civil Procedure 60(b).  In *United States v. Morgan*, 346 U.S. 502 (1954), the Court teaches that federal courts may properly fill the interstices of the federal post conviction remedial framework through remedies at common law.

In *United States v. Ayala*, 894 F.2d 425, 282 U.S. App. D.C. 266 (1990), relying on *United States v. Morgan, supra*, held that "a federal court can vacate a criminal conviction pursuant to the common law writ of *audita querela* only

if the writ permits a defendant to raise a legal objection not cognizable under existing federal post conviction remedies." *Id.* at 425.

Petitioner is not entitled, therefore, to bring his claim under the writ of *audita querela*. The fact that the AEDPA's gatekeeping restrictions prevent him from availing himself of 28 U.S.C. § 2255 does not make it inadequate. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Dornsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

In any event, Petitioner's argument that *Booker* compels that enhancements to sentencings be found by a jury or admitted by defendant is in error. In *McReynolds v. United States*, 397 F.3d 479 (3d Cir. 2005), the court held that

> *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencings factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the Sixth Amendment so long as the guideline system has some flexibility in application.

*Id*. at 481. Thus, Petitioner's sentence would be determined in the same way if sentenced today – the only change would be the degree of flexibility in applying the guideline system.

## IV.  Conclusion

The Petition for Writ of *Audita Querela* will be denied. An appropriate order will be issued.

   s/Sylvia H. Rambo         
SYLVIA H. RAMBO
United States District Judge

Dated:  September 27, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:CR-94-085-02**
:
:
**v.**     :
:
:
**ROBERT L. COLEMAN, JR.**     :


## O R D E R


In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The petition for Writ of *Audita Querela* is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The clerk of Court shall close the file.


s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  September 27, 2005.